IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SAMBAR FARMS, L.P. and : | |
| SAMBAR FARMS, G.P., L.L.C., : | |
|    Plaintiffs : | No. 4:11-cv-2245 |
| : | |
| v. : | |
| : | (Chief Judge Kane) |
| RANGE RESOURCES CORP., et al., : | |
|    Defendants : | |

## MEMORANDUM ORDER

Plaintiffs initiated this civil action by filing a complaint in state court, seeking a declaration that Defendants failed to renew their oil and gas lease with Plaintiffs. (Doc. No. 1-1.) Plaintiffs also sought to eject Defendants, and sought damages based on theories of trespass and breach of contract. Defendants removed the action to this Court on December 2, 2011. (Doc. No. 1.) On December 9, 2011, Defendants filed an answer with affirmative defenses and a counterclaim, seeking a declaration that the oil and gas lease is valid and continuing. (Doc. No. 5.)

On June 12, 2012, Plaintiffs filed a motion for voluntary dismissal pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. (Doc. No. 17.) Plaintiffs asserted that Defendants would not be prejudiced if the action is dismissed with prejudice because Defendants' counterclaim is for a declaration that the oil and gas lease is valid, and dismissal would have the same practical effect. (Id. ¶ 19.) On June 15, 2012, Defendants filed a brief in response to Plaintiffs' motion for voluntary dismissal, opposing Plaintiffs' motion to the extent that it requests that Defendants' counterclaim be dismissed with prejudice, and requesting that an order be entered declaring that the oil and gas lease is valid and continuing. (Doc. No. 18.)

Plaintiff filed a reply brief on June 27, 2012, explaining that its motion should not be construed as an admission that the lease is valid and enforceable. (Doc. No. 19.)

Rule 41(a)(2) provides that an action may be dismissed on the plaintiff's request after the defendant serves an answer or motion for summary judgment only by court order, on terms that the court considers proper. The rule prohibits dismissal where a defendant has pleaded a counterclaim unless the counterclaim can remain pending for independent adjudication.

Because Rule 41(a)(2) permits dismissal only when a defendant's counterclaim can remain pending for adjudication, the Court must determine if Defendants' declaratory judgment counterclaim can be adjudicated independent of Plaintiffs' claims. For a declaratory judgment counterclaim to survive independently, "an actual controversy must be extant at all stages of review, not merely at the time the [counterclaim] is filed." Preiser v. Newkirk, 422 U.S. 395, 401 (1975). Defendants' counterclaim seeks a declaration that the oil and gas lease is valid, continuing, and enforceable. The Declaratory Judgment Act permits courts to "declare the rights and other legal relations of any interested party" only "[i]n the case of an actual controversy." 28 U.S.C. § 2201(a). An actual controversy refers to a dispute that is "definite and concrete, touching the legal relations of parties having adverse legal interests," and must be "real and substantial." MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 127 (2007) (quoting Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 240-41 (1937)).

If Plaintiffs' claims for declaratory relief, injunctive relief, and damages are dismissed, then there would be no actual controversy between the parties. There would be no "real and substantial" dispute regarding the validity of the lease. Thus, the Court would not be able to adjudicate Defendants' counterclaim independent of Plaintiffs' claims. Therefore, absent a

stipulation of dismissal signed by all parties pursuant to Rule 41(a)(1)(A)(ii), the Court cannot dismiss the action at this stage.

**ACCORDINGLY**, on this 16th day of August 2012, **IT IS HEREBY ORDERED THAT** Plaintiffs' motion for voluntary dismissal (Doc. No. 17) is **DENIED**.

      S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania